UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUL HYUN CHO, | CASE NO.   1:12-CV-00538-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| SIX UNKNOWN NAMES AGENTS OR MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA, | (ECF NO. 2) |
| | FOURTEEN (14) DAY DEADLINE |
| Defendant. | |

On April 6, 2012, Plaintiff Chul Hyun Cho filed what was construed as a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (Compl., ECF No. 1.)

-1-

On April 9, 2012, the Court ordered the Complaint stricken because it was unsigned. (Order Striking Compl., ECF No. 2). Plaintiff was given fourteen (14) days leave to file a signed complaint compliant with Federal Rule of Civil Procedure 8(a) and to file a motion seeking leave to proceed in forma pauperis or pay the $350 filing fee. (Id.) He was advised that a failure to meet this deadline would result in dismissal of his action. (Id.) He did not file anything or otherwise respond by the specified deadline.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831-32 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic

alternatives. Thompson, 782 F.2d at 831; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court has a vast caseload before it and can not indulge Plaintiff's disregard of its orders and rules. The third factor, risk of prejudice to the Defendant, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Given Plaintiff's non-responsiveness to the Court's earlier order and his pro se status, "less drastic alternatives" other than those taken to date (i.e., ordering Plaintiff to comply) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 at 132-33.

Plaintiff has no operative complaint on file. He has not filed a motion to proceed in forma pauperis or paid the $350 filing fee. He has failed to comply with the Court's order. No lesser sanction than dismissal is appropriate.

Accordingly, it is RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE by the District Judge. These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

1 objections shall be served and filed within ten (10) days after service of the objections.
2 The parties are advised that failure to file objections within the specified time may waive
3 the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
4 1991).

IT IS SO ORDERED.

Dated:   May 8, 2012                               /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE